1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11  RONALD E. MOYNIER,                ) Case No. CV 06-4562 JC
                                      )
12              Plaintiff,            )
                                      )
13        v.                          ) MEMORANDUM OPINION AND
                                      ) ORDER OF REMAND
14                                    )
    MICHAEL J. ASTRUE,[1]             )
15  Commissioner of Social           )
    Security,                        )
16                                    )
                Defendant.            )
17  _____   )

18
19  **I.   SUMMARY**

20        On July 25, 2006, plaintiff Ronald E. Moynier ("plaintiff") filed a

21  Complaint seeking review of the Commissioner of Social Security's denial of

22  plaintiff's application for benefits.  The parties have filed a consent to proceed

23  before a United States Magistrate Judge.

24        This matter is before the Court on the parties' cross motions for summary

25  judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

26

27        [1]Michael J. Astrue is substituted as Commissioner of Social Security pursuant to Fed. R.
28  Civ. P. 25(d)(1).

1

1  Court has taken both motions under submission without oral argument.  See Fed.

2  R. Civ. P. 78; L.R. 7-15; July 26, 2006 Case Management Order, ¶ 5.

3  Based on the record as a whole and the applicable law, the decision of the

4  Commissioner is REVERSED AND REMANDED for further proceedings

5  consistent with this Memorandum and Opinion and Order of Remand.  The

6  Administrative law Judge ("ALJ") materially erred by rejecting plaintiff's

7  subjective complaints without offering adequate findings.

8  **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

9  **DECISION**

10  On November 17, 2003, plaintiff filed an application for Supplemental

11  Security Income benefits.  (Administrative Record ("AR") 13).  Plaintiff asserted

12  that he became disabled on February 2, 1991, because of a broken back, multiple

13  compound fractures in the spine, heart problems, a removed kidney, high blood

14  pressure, lung disease, and the installation of Harrington rods.  (AR 48).  The ALJ

15  examined the medical record and heard testimony from plaintiff (who was

16  represented by counsel) on April 20, 2005.  (AR 18, 162-79).

17  On June 29, 2005, the ALJ determined that plaintiff was not disabled

18  through the date of the decision.  (AR 10-19).  Specifically, the ALJ found:

19  (1) plaintiff suffered from the following severe impairments:  compression fracture

20  of L1 and mild degenerative joint disease at L5-S1 (AR 15, 18); (2) plaintiff's

21  impairments, considered singly or in combination, did not meet or medically equal

22  one of the listed impairments (AR 15, 18); (3) plaintiff retained the residual

23  functional capacity to perform a full range of sedentary work[2] (AR 16, 18);[3]

24

25  [2]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally
26  lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is
    defined as one which involves sitting, a certain amount of walking and standing is often
27  necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required
    occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).  SSR 83-10 instructs
28  that "at the sedentary level of exertion, periods of standing or walking should generally total no

(continued...)

2

1   (4) plaintiff could not perform his past relevant work (AR 16, 18); (5) plaintiff
2   could perform a significant number of jobs in the national economy (AR 17); and
3   (6) plaintiff's allegations regarding his limitations were not totally credible
4   (AR 18).

5       Plaintiff sought review of the ALJ's decision and submitted additional
6   materials for consideration by the Appeals Council.  (AR 9, 151-61).  The Appeals
7   Council denied plaintiff's application for review.  (AR 5-9).

8   **III.    APPLICABLE LEGAL STANDARDS**
9       **A.    Sequential Evaluation Process**
10      To qualify for disability benefits, a claimant must show that he is unable to
11  engage in any substantial gainful activity by reason of a medically determinable
12  physical or mental impairment which can be expected to result in death or which
13  has lasted or can be expected to last for a continuous period of at least twelve
14  months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C.
15  § 423(d)(1)(A)).  The impairment must render the claimant incapable of
16  performing the work he previously performed and incapable of performing any
17  other substantial gainful employment that exists in the national economy.  Tackett
18  v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

19      In assessing whether a claimant is disabled, an ALJ is to follow a five-step
20  sequential evaluation process:

21      (1)    Is the claimant presently engaged in substantial gainful activity?  If
22              so, the claimant is not disabled.  If not, proceed to step two.

23

24  _____

25      [2](...continued)
26  more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6
27  hours of an 8-hour workday."  See SSR 83-10.

        [3]The ALJ determined that plaintiff:  (i) could lift and/or carry ten pounds occasionally and
28  frequently; (ii) could stand and/or walk for six hours and sit for six hours during an eight-hour
    day; and (iii) was able to climb, balance, stoop, kneel, crouch or crawl occasionally (AR 16, 18).

(2)     Is the claimant's alleged impairment sufficiently severe to limit his ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)     Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

(4)     Does the claimant possess the residual functional capacity to perform his past relevant work?[4]  If so, the claimant is not disabled.  If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered).  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the

---

[4]Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence."  20 C.F.R. §§ 404.1545(a), 416.945(a).

4

Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Id. When a claimant has both exertional (strength-related) and nonexertional limitations, the ALJ must first determine whether the Grids mandate a finding of disability with respect to exertional limitations. See Lounsburry v. Barnhart, 468 F.3d 1111, 1116 (9th Cir.), as amended (2006); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989). If not, the ALJ must nonetheless use the grids as a framework, and also take the testimony of a vocational expert. Lounsburry, 468 F.3d at 1155; Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).[5]

## B.    Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

---

[5]If a claimant has satisfied his burden of showing that he can no longer perform her past relevant work, the claimant must be awarded benefits if the Grids direct a finding of disability on the exertional impairments alone. Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).

1   To determine whether substantial evidence supports a finding, a court must
2   "'consider the record as a whole, weighing both evidence that supports and
3   evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v.</u>
4   <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d
5   953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
6   or reversing the ALJ's conclusion, a court may not substitute its judgment for that
7   of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

8   **IV.   DISCUSSION**

9       Plaintiff seeks summary judgment, or alternatively a remand because the
10  ALJ allegedly erroneous and impermissibly dismissed his subjective symptom
11  testimony.

12      **A.   Pertinent Law**

13      An ALJ is not required to believe every allegation of disabling pain or other
14  non-exertional impairment.  Orn v. Astrue, 2007 WL 2034287, at *9 (9th Cir. July
15  16, 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record
16  establishes the existence of a medically determinable impairment that could
17  reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must
18  make a finding as to the credibility of the claimant's statements about the
19  symptoms and their functional effect.  Robbins, 466 F.3d 880 at 883 (citations
20  omitted).  Unless an ALJ makes a finding of malingering based on affirmative
21  evidence thereof, the ALJ may reject a claimant's testimony regarding the severity
22  of his symptoms only if the ALJ makes specific findings stating clear and
23  convincing reasons for doing so.  Id.  (citations omitted).  The ALJ's credibility
24  findings "must be sufficiently specific to allow a reviewing court to conclude the
25  ALJ rejected the claimant's testimony on permissible grounds and did not
26  arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367 F.3d 882,
27  885 (9th Cir. 2004).  The ALJ must "specifically identify the testimony [the ALJ]
28

6

1   finds not to be credible and must explain what evidence undermines the
2   testimony." Holohan v. Massanari, 246 F. 3d 1195, 1208 (9th Cir. 2001).

3        To find the claimant not credible, an ALJ must rely either on reasons
4   unrelated to the subjective testimony (e.g., reputation for dishonesty), internal
5   contradictions in the testimony, or conflicts between the claimant's testimony and
6   the claimant's conduct (e.g., daily activities, work record, unexplained or
7   inadequately explained failure to seek treatment or to follow prescribed course of
8   treatment). Orn, 2007 WL 2034287, at *9; Robbins, 466 F.3d at 883; Burch, 400
9   F.3d at 680-81; SSR 96-7p.[6] Although an ALJ may not disregard such claimant's
10  testimony solely because it is not substantiated affirmatively by objective medical
11  evidence, the lack of medical evidence is a factor that the ALJ can consider in his
12  credibility assessment. Burch, 400 F.3d at 681.

13       Questions of credibility and resolutions of conflicts in the testimony are
14  functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th
15  Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable
16  and is supported by substantial evidence, it is not the court's role to
17  "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

18  **B.   Pertinent Facts**

19       On April 20, 2005, plaintiff testified regarding his symptoms and their
20  functional effects. (AR 164-79). More specifically, plaintiff testified that (i) he
21  cannot jog or run at all because his left leg collapses (AR 168); (ii) his back pain
22  prevents him from sleeping (AR 168, 177); (iii) he has taken prescription
23  medication for his back pain for at least two-and-half to three years (AR 171-73);
24  (iv) he experiences constant pain of a level of 7 on a scale of 1-10 (AR 174);

25

26       [6]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903
27  F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social
    Security Administration and are entitled to some deference as long as they are consistent with the
28  Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir.
    2007).

7

1   (v) he can sit for no more than thirty minutes before his back begins to stiffen up

2   (AR 175); (vi) he can stand for no more than three minutes in one spot before his

3   back starts hurting and he has to bend over to try to lift the weight off his lower

4   spine (AR 175); (vii) he can walk no further than six blocks at a time (AR 176);

5   (viii) although the heaviest weight he could lift in a single instance while

6   experiencing pain would be forty pounds, he can lift only five pounds consistently

7   (AR 176); (ix) the installation of the Harrington rods gives plaintiff pain in his

8   shoulder blades, and down on both hips (AR 176-77); and (x) he needs to lay

9   down during the day due to back pain, but for only ten to fifteen minutes at a time.

10  (AR 177-78).

11           **C.     A Remand is Appropriate**

12          Plaintiff argues that the ALJ erred in dismissing plaintiff's subjective

13  symptom testimony without offering adequate reasons, and that the ALJ otherwise

14  did not properly consider plaintiff's subjective complaints.  (Plaintiff's Motion at

15  3-9).  This Court agrees that a remand is appropriate because the ALJ failed

16  specifically to identify the testimony he found not to be credible, and failed

17  adequately to explain his reasons for discounting such testimony.

18          As noted above, the ALJ made a finding near the end of his decision that

19  "the claimant's allegations regarding his limitations are not totally credible for the

20  reasons set forth in the body of the decision."  (AR 18).   However, the body of the

21  decision does not set forth the ALJ's rationale for discounting plaintiff's

22  testimony.  Nor does it identify the specific testimony discounted by the ALJ.[7]

23  The ALJ summarized plaintiff's testimony as follows:

24  ///

25  ///

26  ///

27

28          [7]The ALJ does, however, specify portions of plaintiff's testimony which he credits.
    (AR 14).

                                         8

> At the hearing, the claimant testified that the only impairment that prevents him from working at his former aerospace job (which was light) is his back impairment.  He admitted at the hearing, that he feels capable of performing sedentary exertional work.  The claimant stated that he does next to nothing on a daily basis.  He finds that he experiences constant pain of a level of 7 on a scale of 1-10.  He takes 500 mg Acetaminophen for his pain.  He feels he is able to sit 30 minutes at a time, stand 3 minutes at a time, and walk 6 blocks at a time.

(AR 15).

The ALJ fails to point to the portion of the record upon which he bases his conclusion that plaintiff admitted that he was capable of performing sedentary exertional work.  Sedentary work involves lifting no more than 10 pounds at a time.  Although plaintiff indicated that he could, with pain, lift forty pounds once, he also stated that he could lift only five pounds consistently.  Similarly, although sedentary work requires sitting for extended period of time, plaintiff testified that he could sit for only thirty minutes at a time.  See Aukland, 257 F.3d at 1036 ("[T]o be physically able to work the full range of sedentary jobs, the worker must be able to sit through most or all of an eight hour day.") (quoting Tackett, 180 F.3d at 1103); SSR 83-10 ("at the sedentary level of exertion…sitting should generally total approximately 6 hours of an 8-hour workday").

Thus, it is not clear whether the ALJ misconstrued plaintiff's testimony or rejected plaintiff's testimony to the extent it was inconsistent with the ALJ's conclusion that plaintiff could perform sedentary exertional work.  If the former, the ALJ erred.  If the latter, then the ALJ also erred because he did not explain his reasons for discounting plaintiff's testimony, let alone provide clear and convincing reasons for doing so.  As the ALJ, at least in part, based his residual functional capacity determination on plaintiff's alleged admission that he could perform sedentary exertional work, the Court cannot find the ALJ's error to be harmless.

///

///

1
## V.    CONCLUSION

2        For the foregoing reasons, the decision of the Commissioner of Social

3   Security is reversed in part, and this matter is remanded for further administrative

4   action consistent with this Opinion.[8]

5        LET JUDGMENT BE ENTERED ACCORDINGLY.

6   DATED:   September 10, 2007

7                                          _____/s/_____

8                                          Honorable Jacqueline Chooljian
                                           UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
    _____
25      [8]When a court reverses an administrative determination, "the proper course, except in rare
26   circumstances, is to remand to the agency for additional investigation or explanation."
     Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
27   quotations omitted).  Remand is proper where, as here, additional administrative proceedings
     could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.
28   1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option
     where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).